## R. T. MILLER v. ANNIE LEWIS MILLER.

### Western Section.    October 12, 1927.

Petition for Certiorari denied by Supreme Court, January 21, 1928.

1. **Divorce.    Where evidence shows defendant guilty of adultery and shows plaintiff not guilty of a like offense he is entitled to a decree.**
    In an action for divorce alleging that the defendant was guilty of adultery, and the lower court refused a decree of divorce because plaintiff did not prove a character for virtue and chastity held if the proof made out a case of adultery against the defendant, and showed that the husband was not guilty of a like offense he would be entitled to a decree.

2. **Divorce.    Evidence.    Evidence held insufficient to show defendant guilty of adultery.**
    Where the defendant was charged with adultery but the evidence of no witness bore out the fact, the evidence only showing various acts which might or might not have been signals between defendant and the corespondent, held that the evidence did not justify a divorce on the ground of adultery.

3. **Divorce.    Adultery.    Evidence.    Indiscreet conduct which gives rise to gossip and suspicion does not amount to proof of adultery.**
    To obtain a divorce on the ground of adultery there must be absolute proof of adultery, and proof of indiscreet conduct which gives rise to gossip and suspicion is not sufficient.

4. **Divorce.    Where the action for divorce is based on adultery, a decree will not be given because of cruel and inhuman treatment.**
    Where the action for divorce was based on the charge of adultery, held that only an extraordinary case will warrant a decree for divorce on the same testimony for cruel and inhuman treatment.

Appeal in Error from Circuit Court, Henry County; Hon. T. C. Rye, Chancellor.

Affirmed.

Lewis & Rhodes, of Paris, for plaintiff in error.

Dudley Porter, of Paris, for defendant in error.

HEISKELL, J.  This is a suit for divorce by R. T. Miller against his wife, Annie Lewis Miller in the circuit court of Henry county. The petition charges adultery and cruel and inhuman treatment.  The lower court did not pass upon the question of adultery, but held as to this charge that the plaintiff had not shown a character for virtue and chastity and therefore could not maintain his suit on the charge of adultery, and that the defendant had not been guilty of such cruel and inhuman treatment of plaintiff as to warrant a divorce on this ground, therefore the bill was dismissed.  From this decree the plaintiff has appealed and assigned errors as follows:

## I.

The court erred in dismissing complainant's bill and taxing him with the costs of the cause.

## II.

The court erred in refusing to grant the complainant an absolute divorce from the defendant.

We do not concur in the holding of the trial judge that even if the proof showed that the defendant had been guilty of adultery complainant was not entitled to a divorce because he had failed to prove a character for virtue and chastity. The defendant charged that the complainant was guilty of adultery. The complainant testified that he had not committed adultery; that he had not at any time violated his marriage vows and the defendant introduced no evidence to show that the complainant had been guilty of adultery. If then the proof makes out a case of adultery against the defendant, the proof showing that the husband was not guilty of a like offense, he would be entitled to a decree. The questions presented therefore are: Was the defendant guilty of adultery and was her treatment of complainant cruel and inhuman within the meaning of the statute? The bill charges that defendant committed adultery with one S. W. Norris, an engineer on the L. & N. R. R. While it is charged that Norris visited the house of complainant on many occasions when complainant was absent, the only charge made with circumstance of time and place is that said Norris on December 24, 1926, came to the house of complainant while complainant was away from Paris and stayed with the defendant from eight o'clock in the morning until about five o'clock in the afternoon. That defendant and Norris were in her room with the doors closed. This charge in the bill, according to counsel for complainant, was made on the strength of a statement of Mrs. Hathaway who had lived with the Millers for some two years prior to December, 1926. When Mrs. Hathaway is put upon the stand as a witness for complainant, she fails to support the allegation of the bill. She says on December 24, 1926, Norris came to the house between nine and ten o'clock as she was fixing to leave and when she came back between four and five o'clock, he was gone and she does not remember seeing him there any more.

Mrs. Miller and Norris testify that he drove by the Miller house on the morning of December 24, 1926, in his car on a hunting trip. That Mrs. Miller asked him to come in and put up a towel rack for her and he did so, staying about fifteen or twenty minutes, and then went on his way hunting. It is admitted that before this time Norris had boarded at the Miller house; that this arrangement was brought about by Miller himself who says he did not suspect improper relations between Norris and defendant until after the separation on May 11, 1927.

Miss Minnie Berry testified that on one occasion, she does not say when, she saw Norris at the Miller house, that he tried to get out; that he thought she was Miller and stepping fast stepped into a tub of water, but that he did not leave the house after she arrived.

Mr. and Mrs. Doty testify as to signals which Mrs. Miller gave to Norris such as hanging out red cloths on clothes line, raising and lowering a window blind, leaving the coal house door open. This is denied by Norris and the defendant, but besides the testimony amounts to nothing more than that these witnesses observed these things, red rags hung out (Mrs. Miller says she washed and hung out clothes almost every day), shade raised, etc. There is nothing to show these things were signals.

The defendant volunteers the testimony that several men had called her on the phone and tried to make dates with her and that she had refused them. It is argued that this off set the proof of good character introduced in favor of defendant. There is force in this contention, still it does not establish adultery. Indiscreet conduct which gives rise to gossip and suspicion does not amount to proof of adultery. The proof shows that in 1920 the complainant sought to get rid of his wife, at the same time disclaiming any suspicion of immoral conduct. His complaint at that time seemed to be that she persisted in going to dances instead of staying at home. There is also evidence that in connection with this suit he offered $50 for evidence sufficient to convict the defendant of adultery and we do not find that he denied this. We think the proof in the record is not such as to justify the court in finding the defendant guilty of adultery.

It remains to consider the charge of cruel and inhuman treatment. This is based upon the contention that the conduct of defendant with Norris, even if not sufficient to warrant a decree on the ground of adultery, yet amounted to cruel and inhuman conduct toward plaintiff such as to render it unsafe and improper for him to cohabit with her. The case of Loving v. Loving, decided by the Court of Civil Appeals in 1924 is cited and relied on. That was a case where the wife was charged with adultery and the court declined to sustain the charge but held that her conduct constituted cruel and inhuman treatment. The facts of that case are much stronger than those of the present case to sustain such a decree, yet the court said that was a close case. To grant complainant a decree on this ground in the present case would be to carry the doctrine much further than the Loving case and this court does not feel called upon to exercise its discretion to accomplish that result. It might be said that adultery itself presents the strongest instance of cruel and inhuman treatment, yet it was not intended by our statutes that adultery might be proven and the divorce granted for cruel and inhuman treatment. Where the suit charges adultery and fails to prove it, only an extraordinary case will warrant a decree for divorce on the same tes-

timony for cruel and inhuman treatment. In the Loving case no doubt, the wife would have been found guilty of adultery but for the testimony of a physician that her physical condition was such as to make the act improbable if not impossible. There her conduct was flaunted in the face of the public and of her husband in a way that is not shown by the present record. There was no such proof to preclude the plaintiff in this case from showing actual adultery, and he says he had no suspicion until the misconduct was over. This was a case in which it was necessary for the plaintiff to succeed on the charge of adultery or not at all.

The assignments of error are overruled and the decree of the lower court is affirmed. The appellant and his sureties on his appeal bond will pay the cost of the appeal.

Owen and Senter, JJ., concur.